VALETTI
*vs.*
GURLIE.

An injunction will not be dissolved, when the party is immediately entitled to a new one.

So, where an injunction was properly obtained, but it became necessary that it should be dissolved, the party ought not to be mulcted in damages.

---

## VALETTI *vs.* GURLIE.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The law requires a *demand* of at least thirty days of the original debtor and
mortgagor, whether it be his own notes or those he *assumed to pay*
previously to the issuing of executory process against the third possessor
of the mortgaged property.

It is not sufficient, in the executory proceeding, to show that the notes the debtor and mortgagor *assumed to pay*, have been *protested*, but that the debtor himself was in default, *thirty days before* coming on the third possessor.

This is the case of an opposition and injunction to stay executory proceedings.

The defendant, Gurlie, was proceeding against certain lots on his mortgage, executed by Emile Barthe. The latter, on purchasing this property, acknowledged the usual mortgage in favor of his vendor, and assumed to pay two of his notes, and gave his own for the balance. He afterwards sold the same lots to Suppo de Valetti. After these notes all became due and protested more than thirty days, Gurlie took out his order of seizure and sale, against the property in the hands of Valetti, the third possessor. He made opposition expressly on the ground that Gurlie had *not* in vain demanded payment of Barthe, the original debtor and mortgagor, *thirty days before* bringing suit, and taking out his order of seizure and sale. Valetti obtained an injunction in the usual way, by giving bond and security, and stopped the executory proceeding.

The injunction was tried summarily on a rule, and dissolved with interest and damages ; and the plaintiff therein appealed.

*Pepin*, for the plaintiff and appellant, contended that any injunction suit formed a new action, and should be tried in the ordinary way, and by jury if required. *Code of Practice*, 296, 304.

2. It is only in certain enumerated cases, and when the plaintiff does not give security, that injunctions are tried summarily. This is not one of them. *Code of Practice*, 741.

3. The thirty days previous demand of the original debtor has never been made in this case, as is required by law. *Idem.*, 69, 70.

4. The protest of the notes *assumed* by Barthe were protested after demand, by the notary, on the makers and endorsers. He was no party to these, and consequently *no demand* was ever made of him. Besides, is a demand by the

notary of a bank to be considered sufficient for the purposes required by articles'69 and 70, of the Code of Practice? This could not be the intention of the law.

*Bodin,* for the appellee, insisted on the affirmance of the judgment.

*Bullard, J.,* delivered the opinion of the court.

The appellant, a third possessor of mortgaged property, made opposition to an order of seizure and sale, on the ground that no demand had been made of the principal debtor, thirty days previously to the issuing of the process. His injunction was dissolved, with damages and costs; and he appealed.

Emile Barthe was the original mortgagor, and the debt sued for is evidenced partly by his promissory note, protested more than thirty days before the issuing of the order of seizure, and partly by notes signed by Gurlie, the appellee, and by Soniat, which Barthe had assumed to pay. Although these latter notes appear to have been duly protested for non-payment, and thus a demand shown of the makers, yet there is no evidence that payment had been demanded of Barthe, who in the act of sale had assumed to pay them. Barthe was the debtor and mortgagor, of whom the law requires a demand at least thirty days previously to the issuing of exe-cutory process against a third possessor. It does not suffice, in our opinion, to show that the plaintiff's own note, and that of Soniat, which Barthe assumed to pay, have been protested; it was incumbent on him to show that Barthe himself was in default.

The court, in our opinion, did not err in disregarding the prayer for a trial by jury. *Code of Practice,* 757. 8 *Martin, N. S.,* 370.

It is, therefore, adjudged and decreed, that the judgment of the Parish Court be annulled and reversed; that the in-junction be reinstated, and the case remanded for further proceedings, according to law; the appellee paying the costs of this appeal.